Cisse v. Sessions

BIA
Vomacka, IJ
A201 124 006

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
         SUSAN L. CARNEY,
              *Circuit Judges.*

_____

LOSSENY CISSE, AKA JEAN CLAUDE BIALY,
         *Petitioner,*

         v.                                  16-4200
                                             NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant
                     Attorney General; Andrew N.
                     O'Malley, Senior Litigation
                     Counsel; Joseph A. O'Connell,
                     Attorney, Office of Immigration
                     Litigation, U.S. Department of
                     Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Losseny Cisse, a native and citizen of Côte D'Ivoire, seeks review of a November 29, 2016, decision of the BIA that affirmed a February 8, 2016, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Losseny Cisse,* No. A201 124 006 (B.I.A. Nov. 29, 2016), *aff'g* No. A201 124 006 (Immig. Ct. N.Y. City Feb. 8, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standard of review is substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency

2

between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Xiu Xia Lin*, 534 F.3d at 163 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Substantial evidence supports the agency's determination that Cisse was not credible as to his claim that Ivorian police twice detained and beat him on account of his Dioula ethnicity.

The IJ reasonably relied in small part on Cisse's demeanor, noting that he became hesitant and inconsistent on cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). That finding is supported by the record.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably found that Cisse gave completely inconsistent accounts about how he obtained a U.S. visa. In addition, his testimony was inconsistent with both his

3

asylum application and statements at an asylum interview about his father's whereabouts. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Cisse did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted) (emphasis in original)).

Having questioned Cisse's credibility, it was reasonable for the agency to rely further on his failure to rehabilitate his credibility with corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Cisse failed to submit statements from anyone in the Côte D'Ivoire to corroborate his claims.

Given the agency's finding with respect to Cisse's demeanor and the inconsistency of his statements, and given the lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is

4

dispositive of Cisse's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative dispositive finding that, even if Cisse had suffered persecution, conditions in the Côte D'Ivoire had changed such that any presumption of a well-founded fear had been rebutted. *See* 8 C.F.R. § 1208.13(b)(1); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe Clerk of Court